UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD RAY KERBAUGH,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-01255-AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the undersigned will grant plaintiff's motion for summary judgment in part, and deny the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").
(continued…)

1

# I. PROCEDURAL BACKGROUND

Plaintiff initially applied for DIB on March 23, 2013, alleging disability beginning February 21, 2010. Administrative Record ("AR") 120, 296.[2] Plaintiff's application for DIB was denied initially on July 23, 2013 and on reconsideration on September 30, 2013. AR 157, 164. On August 12, 2014, ALJ Carol Buck presided over the hearing on plaintiff's challenge to the disapproval. AR 47. Plaintiff appeared and testified at the hearing. AR 49, 133. Plaintiff was represented by Kathleen Fiorillo at the hearing.[3] AR 47, 49, 133. Vocational expert Michael L. Stinson was also present and testified.[4] Id. Plaintiff filed for SSI the day after the hearing, and his claim was escalated to the hearing level. AR 133.

On October 27, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 130-148. On February 18, 2016, the Appeals Council granted plaintiff's request for review and remanded the case to the ALJ for resolution of two issues. AR 149-50. First, the Appeals Council found that no explanation was provided for the ALJ's rejection of the vocational expert testimony in favor of the Dictionary of Occupational Titles (DOT) description of the job of floral designer. AR 150. Second, the ALJ did not provide a rationale for rejecting plaintiff's limitations as described by consultative examiner Dr. Dolores M. Leon. AR 151.

On July 5, 2016, ALJ Carol Buck presided over the remand hearing. AR 71. Plaintiff appeared and testified at the hearing, again represented by Ms. Fiorillo. Id.; AR 20. Vocational expert Dr. Bonnie Drumwright was also present and testified. Id. The ALJ denied plaintiff's

---

[2] The AR is electronically filed at ECF No. 11-3 to 11-13 (AR 1 to AR 712).

[3] In the transcript of this hearing, the ALJ refers to "Ms. Fiorella" as plaintiff's attorney. In her October 27, 2014 decision, the ALJ refers to her as "Kathleen Fiorillo" as plaintiff's non-attorney representative. The State Bar of California's searchable online attorney registry, of which the court takes judicial notice, reveals no attorneys of either name in California. See http://members.calbar.ca.gov/fal/MemberSearch/QuickSearch?FreeText; see also Fed. R. Evid. 201(b).

[4] In the transcript for this hearing, the vocational expert is initially identified by the Reporter as Michael Stinson, AR 47-49, then referred to by the ALJ as "Mr. Graham," AR 50, then, after being sworn in, as Michael Stinson. AR 67. The ALJ's October 27, 2014 decision names the expert as James Graham. AR 133.

claim for a second time on November 14, 2016. AR 20-35. The Appeals Council rejected plaintiff's request for review on April 26, 2017. AR 1.

Plaintiff filed this action on June 19, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 19 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1955, and accordingly was 55 years old on the alleged disability onset date, making him a "person of advanced age" under the regulations. AR 113; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, completed one year of college in 1973, and was trained in floral design in 1978. AR 325. Plaintiff can communicate in English. AR 323.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court may not substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports

and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Andrews v. Shalala, 53 F.3d at 1039. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment. . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

////

4

process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

In her decision following the 2016 Appeals Council remand, the ALJ made the following findings:

> 1. The claimant meets the Title II insured status requirements of the Social Security Act through September 30, 2012.

5

2. [Step 1] The claimant has not engaged in substantial gainful activity since February 21, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. [Step 2] Under Title II of the Act, the claimant did not have a severe impairment prior to September 30, 2012, the date that he was last insured for benefits (20 CFR 404.1520(c)).

4. [Step 2] Under Title XVI of the Act, the claimant has the following severe impairments: diabetes mellitus, hypothyroidism, mild degenerative disc disease of the lumbar and cervical spine, mild degenerative joint disease of the hips, and chronic pain syndrome (20 CFR 416.920(c)).

5. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

6. [Residual Functional Capacity] The claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except: he could lift and carry 50 pounds occasionally and 25 pounds frequently; he could stand and walk for 6 hours; and he is unable to work around hazards, at heights, or near dangerous machinery.

7. [Step 4] The claimant is capable of performing past relevant work as a floral designer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

8. The claimant has not been under a disability, as defined in the Social Security Act, from February 21, 2010, through the date of this decision (20 CFR 404.1420(c) and 416.920(f)).

AR 20-35.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 35.

## VI. ANALYSIS

Plaintiff alleges that the ALJ did not give "good reasons" for finding that plaintiff has fewer exertional and non-exertional limitations than established by plaintiff's treating providers, Jude Waterbury, M.D., and Mr. Derrick Mullin, FNP, as well as the SSA's examining expert, Dolores Leon, M.D. ECF No. 14 at 8. Plaintiff contends that the ALJ did not adequately explain why she did not include Dr. Leon's postural and manipulative limitations in her RFC analysis. Id.

6

at 10. As to plaintiff's treating providers, plaintiff alleges that the ALJ impermissibly substituted her own interpretation of the medical data for that of Dr. Waterbury and Mr. Mullin. Id. at 11. Plaintiff requests that the matter be remanded for further administrative proceedings. Id. at 13.

### A. The ALJ Insufficiently Evaluated Dr. Leon's Opinion

In reaching her RFC finding, the ALJ stated that she was giving "varying weight" to Dr. Leon's opinion, with "great weight" accorded to those portions of the opinion addressing plaintiff's exertional, postural, climbing, and manipulative abilities. AR 32. However, plaintiff and the ALJ characterize Dr. Leon's assessment of plaintiff's manipulative and postural limitations quite differently. The ALJ states that Dr. Leon found "no sitting, postural, climbing or manipulative limitations." AR 32. Plaintiff, on the other hand, states that Dr. Leon found he "can only sit, stand and walk 3 hours each total in an 8 hour workday and, critically, can only remain in each position for just 1 hour at a time." ECF No. 14 at 9. Both interpretations find support in the record.

The ALJ and plaintiff cite to different pages of Dr. Leon's report, which include contradictory statements. AR 580-93. The ALJ relies on AR 584, which states in relevant part: "Postural activities: Can climb, balance, stoop, kneel, crouch, crawl without limitations. Manipulative activities: No limitations in reaching, handling, fingering, or feeling." Plaintiff, on the other hand, points to AR 586, on which Dr. Leon checked boxes specifying that plaintiff can only sit, stand, or walk for up to one hour at a time. Dr. Leon also checked boxes indicating that plaintiff can perform reaching, handling, fingering, or feeling only frequently (defined as 1/3 to 2/3 of the day), not continuously. AR 587. This interpretive disconnect regarding the contradiction in Dr. Leon's report continues through the Commissioner's cross-motion for summary judgment: "Plaintiff alleges that Dr. Leon found that Plaintiff could only stand three hours and walk three hours. That is not what Dr. Leon found; she found that Plaintiff could stand and walk six hours." ECF No. 19 at 13.

An ALJ may afford different weights to different portions of an opinion. See Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989). However, an ALJ may not cherry pick portions of a physician's opinion to support her conclusion while ignoring contradictory information in the

7

same opinion. Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014). Ambiguous evidence triggers an ALJ's duty to supplement a claimant's record. Howell v. Astrue, 248 F. App'x 797 (9th Cir. 2007) (citing Webb v. Banhart, 433 F.3d 683, 687 (9th Cir. 2005)). Here, the ALJ was faced with two plainly different assessments of plaintiff's limitations contained in a single report issued by a single physician. The ALJ relies on one part of the contradictory assessment and does not address the discrepancy as required.

At plaintiff's hearing on remand, the ALJ gave the following hypothetical to vocational expert Dr. Drumwright:

> Q: Hypothetical number two, in this hypothetical the individual is limited to lifting 50 pounds occasionally, 25 pounds frequently, can stand and walk for six hours and again the preclusion from hazards. Given that hypothetical, would such an individual be able to perform past relevant work as performed or as generally performed?
>
> A: Yes, both, Your Honor.
>
> Q: Both?
>
> A: Both, yes, because that's a medium exertional level and that's what was described in the record.

AR 98. Dr. Drumwright further testified that plaintiff has no transferable skills from floral design to either light or sedentary jobs. AR 103-04. The ALJ did not give any hypotheticals containing the information provided at AR 586-87.

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ erred by not addressing the internal inconsistencies in Dr. Leon's report. The ALJ must evaluate those inconsistencies, and supplement the record as necessary, to determine the impact on plaintiff's RFC and the ultimate disability determination. Remand for further proceedings is therefore the appropriate remedy.

B. The ALJ Properly Evaluated Dr. Waterbury and Mr. Mullin's Opinion

The ALJ gave little weight to the opinion of treating providers Dr. Waterbury and Mr. Mullin. AR 33-34. She cites the following concerns: (1) the providers' opinions appear excessively limiting when considering the radiographic evidence they relied on; (2) their opinions

lacked support from their own progress notes; and (3) their opinion that plaintiff's symptoms and limitations began in 2000 is speculative given that plaintiff began treatment with Dr. Waterbury and Mr. Mullin on June 24, 2013.  Id.

Dr. Waterbury and Mr. Mullin gave a more expansive view of plaintiff's limitations than did Dr. Leon.  Among other differences, Dr. Waterbury and Mr. Mullin opined that plaintiff could lift ten pounds occasionally, less than ten pounds frequently, and that he could stand and walk for up to two hours per eight-hour day.  AR 641.  In support of their opinion, Dr. Waterbury and Mr. Mullin stated that plaintiff's x-rays showed degenerative disease and degenerative joint disease.  AR 642.  The ALJ found, however, that this opinion was "excessive when considering that the radiographic evidence they referred to revealed only 'mild' lumbar and hip degeneration and non-acute cervical disc disease."  AR 33, 637-38, 651.

According to plaintiff, the ALJ's analysis shows that she substituted her own interpretation of the medical data for that of Dr. Waterbury and Mr. Mullin.  ECF No. 14 at 11.  However, it is the province of the ALJ to resolve ambiguities and conflicts in medical testimony.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citing Andrews v. Shalala, 53 F.3d at 1039).  "A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider."  Ghanim, 763 F.3d at 1161.  Furthermore, an ALJ may discard medical reports that are brief and conclusory "with little in the way of clinical findings to support the conclusion."  Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986).  In pointing to the disconnect between the x-ray results and the providers' assessment of plaintiff's limitations, the ALJ provided clear and convincing reasons for giving this portion of the opinion little weight.

Plaintiff also argues that the ALJ failed to consider Dr. Waterbury and Mr. Mullin's "longitudinal" and "consistent" history with plaintiff.  ECF No. 14 at 11.  While the length of a treating provider's relationship to the claimant affects the weight given to their opinion, 20 C.F.R. § 404.1527(c)(2)(i), a treating physician with no personal knowledge of a claimant's historical condition is not entitled to enhanced deference regarding the period of time prior to the treatment relationship.  Magallanes, 881 F.2d at 754.  Plaintiff's consistent treatment by Dr. Waterbury and

9

Mr. Mullin since 2013 does not add any credence to their statement that plaintiff's symptoms began in 2000. Furthermore, the onset date of 2000 is far earlier than plaintiff's oft-repeated onset date of February 21, 2010. AR 296. In light of the record as a whole, the ALJ properly found that Dr. Waterbury and Mr. Mullin's opinion was inconsistent with the medical data they cited. The ALJ's decision is supported by substantial evidence, and she has provided legally sufficient reasons for her assessment of Dr. Waterbury and Mr. Mullin's opinion.

### C. Remand for Further Proceedings

This court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Here, further factual development is needed to determine whether Dr. Leon's report was adequately analyzed in the ALJ's RFC finding and the hypotheticals posed to the vocational expert. For these reasons, the matter is reversed and remanded to the Commissioner for further factual development.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED in part;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: July 10, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10